IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| RAFE SCHIENBLUM and | : | |
| PHYLLIS AYERS, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 15-CV-6433 |
| | : | |
| LEHIGH VALLEY CHARTER | : | |
| SCHOOL FOR THE ARTS, | : | |
| SHARON FEHLINGER-RICKER, | : | |
| and     DIANE LABELLE, | : | |
| Defendants. | : | |

_____

**Henry S. Perkin, M.J.**                                                                                   **December 20, 2016**

**MEMORANDUM**

This matter is before the Court on the Defendants' Motion to Dismiss Count IX of Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's Memorandum of Law in Opposition to Defendant's Partial Motion to Dismiss was filed on March 16, 2016, and Plaintiff's Supplemental Authorities in Opposition to Defendant's Motion was filed on September 1, 2016.  Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

**Procedural History**

Plaintiffs Rafe Scheinblum ("Scheinblum") and Phyllis Ayers ("Ayers) initiated this matter on December 4, 2015 by filing a civil/constitutional rights Complaint against Defendants Lehigh Valley Charter School for the Arts ("LVCHSA"), Sharon Fehlinger-Ricker ("Fehlinger-Ricker"), and Diane LaBelle ("LaBelle").  On February 2, 2015, Defendants filed a Motion to Dismiss Count VII and XII of Plaintiffs' Complaint, but the Motion was later denied as moot following Plaintiff's submission of an Amended Complaint on February 22, 2015.  In Counts I

and II, Scheinblum alleges claims of discrimination and retaliation, respectively, against LVCHSA pursuant to Title VII (42 U.S.C. §2000e, *et seq*). In Count III, Scheinblum alleges a violation of the Pennsylvania Human Relations Act ("PHRA") (43 P.S. §§951, *et. seq*) against LVCHSA. In Count IV, Scheinblum asserts a claim against LaBelle and Fehlinger-Ricker for aiding and abetting the alleged illegal conduct of LVCHSA pursuant to PHRA. In Count V, Ayers avers a claim of retaliation against LVCHSA under Title VII for her association with Scheinblum and his discharge from his position. In Count VI, Ayers brings a claim against LVCHSA for violation of the PHRA by engaging in a discriminatory and retaliatory manner towards Ayers. In Count VII, Ayers asserts a claim against LaBelle and Fehlinger-Ricker for aiding and abetting LVCHSA in the alleged unlawful actions. In Count IX[1], Ayers brings violations of her Fifth and Fourteenth Amendments against Defendants for depriving her of the right to free speech and security of tenured public employment pursuant to 42 U.S.C. §1983. In Count X, Ayers alleges a violation of the Pennsylvania Whistleblower Law (42 Pa.C.S.A §1421, *et. seq*) for being terminated from her position after reporting misconduct and improper policies relating to the school.

Plaintiffs seek monetary damages for pain and suffering, emotional distress, economic loss, front pay, and other damages. Plaintiffs also seek punitive damages against LVCHSA.

**Factual Background**

Based on the averments in the Complaint viewed in the light most favorable to Plaintiffs, the pertinent facts to this Court's determination are as follows:

---

[1] Plaintiff's Amended Complaint did not contain Count VIII of the original Complaint, and was removed because of its repetition of Count VII.

**A. Facts Related to Scheinblum**

Plaintiffs Scheinblum and Ayers were married during all times material hereto. Plaintiff Scheinblum, was hired in July 2008 by LVCHSA as Director of Technology. Scheinblum was required to report directly to LaBelle. Scheinblum claims he was a diligent employee with a good work record and always performed his job in a competent manner.

In the Complaint, Scheinblum avers that, beginning in July 2008 and continuing through 2014, LaBelle would yell at him, ignore him during meetings, talk down to him, make unreasonable demands on Scheinblum, and subject him to hyper-criticism and hyper-scrutiny. Scheinblum alleges that female employees at LVCHSA were treated better than he was and that LVCHSA, through LaBelle, would enable the female employees to use profane language and act in an offensive manner.

Scheinblum had a meeting with LaBelle on or about April 4, 2014 during which Scheinblum alleges that LaBelle chastised him for using offensive language and acting in a threatening manner towards women. Scheinblum disputed these accusations and complained of a hostile work environment. Scheinblum reported this meeting and the issues raised to LVCHSA's principal, Fehlinger-Ricker. Plaintiff contends that LVCHSA failed to take any remedial action or conduct any investigation into the issues Scheinblum raised.

On or around April 8, 2014, LVCHSA, through LaBelle, suspended Scheinblum for using profanity and acting in a threatening matter towards women. At the time LaBelle suspended Scheinblum, Board President Mario Acerra, who was also present, did not allow Scheinblum to defend himself against the charges. On or around May 8, 2014, LaBelle informed Scheinblum that the Board of Directors were terminating his employment. Scheinblum contends that as a

result of LVCHSA's conduct, he has suffered irrevocable damage, and has suffered emotional, psychological, and physical distress.  He also avers that he has suffered a loss of earnings.

**B. Facts Related to Ayers**

Plaintiff Ayers was hired in September 2008 by LVCHSA as Director of Special Education.  Ayers avers that LVCHSA is required, by law, to maintain the position of Director of Special Education and is not allowed to remove it for any reason.  According to the Complaint, Ayers' employment was directed by a contract, which it stated she was not subject to immediate termination except for "good cause which is not arbitrary or capricious."  Ayers alleges that this provision allows her employment to be considered as "tenured public employment."  Ayers contends that she was a diligent and dedicated employee with a good work record.

According to the Complaint, in April 2014, Defendants began to restrict the manner in which Ayers could perform the duties of her position by reducing the assets available to her. Ayers avers that the public funds allocated to providing special education purposes may not be used for any other purpose.  On May 10, 2014, Ayers alleges that she complained to LaBelle that there were enough public funds to be allocated to special education purposes and the failure to allocate accordingly would constitute LVCHSA's failure to provide an appropriate education for its students.

Ayers alleges that following her husband's termination on May 12, 2014, Defendants began a form of retaliation against Ayers.  On May 13, 2014, Ayers alleges that LaBelle ordered that Ayers' building key be taken away from her because of the "circumstances."  Ayers contends that the circumstances LaBelle referred to were either concerning Scheinblum's termination or her own complaint regarding the misallocation of public funds.  Ayers further contends that no other Director had their keys taken away.  On May 22, 2014, Ayers alleges that

she was subject to regular observation but never received a copy of the completed observation form, as required to the school's practice and policy. On May 30, 2014, Ayers alleges that she complained once again about the misallocation of funds and further complained about having her building keys taken away. Ayers contends that later the same day, LVCHSA played her on administrative leave for the remainder of the school year and informed her she would not be employed with LVCHSA the following 2014-2015 school year because of reorganization. Ayers alleges that LVCHSA's reason of reorganization was a pretext for retaliation because the budget had already been decided and because LVCHSA is required to maintain the position of Director of Special Education as required by a public school. Further, Ayers contends that the basis of her termination was false, pretextual, and done in retaliation given her relationship to Scheinblum, his termination, and his subsequent filing with EEOC regarding his discharge.

According to the Complaint, Ayers maintains that LVCHSA took no remedial action to the pattern of discrimination and retaliation, and as a result, Ayers was irrevocably damaged. Ayers avers that she has suffered emotional, psychological, and physical distress, and that her professional opportunities have been impaired, causing her a further loss of earnings and earnings capacity.

## Standard of Review

On a motion to dismiss for failure to state a claim, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. County of Alleghany, 515 F.3d 224 (3d Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007) (citing Papasan v. Allain, 478 U.S. 265, 268).

In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 668. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

When facing a motion to dismiss for failure to state a claim, district courts are directed to conduct a three-part analysis. Connelly v. Lane Constr. Corp., 809 F.2d 780, 787 (3d Cir. Jan. 11, 2016). First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of the truth." (citation and editorial marks omitted)). Finally, "[when] there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**Discussion**

**A. Claim for Violation of 42 U.S.C. § 1983 (Count IX)**

As noted previously, Plaintiff Ayers has brought a claim against Defendants for Fifth and Fourteenth Amendment violations pursuant to 42 U.S.C. §1983 for being terminated without due

process of law.[2] To bring a claim under §1983, a plaintiff must demonstrate the "violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Specifically, when a plaintiff states a claim under §1983 for deprivation of procedural due process, courts must look to see "(1) whether the asserted individual's interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property' " and "(2) whether the procedures available provided the plaintiff with 'due process of law.' " Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (citing Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984).

In order to have a property interest in employment, the plaintiff "must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). State law determines this inquiry of whether or not there exists a legitimate entitlement. Id. (citing Brown v. Trench, 787 F.2d 167, 170 (3d Cir. 1986). In Pennsylvania, an at-will employee does not have a legitimate entitlement to continued employment where the employee works at the "pleasure" of the employer. Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006). However, where an employee has a contract, the contract may constitute a property right protected under the Fourteenth Amendment. Sanguigni v. Pittsburgh Bd. of Public Educ., 968 F.2d 393, 401 (3d Cir. 1992). The two types of contracts that allow such a property right are (1) a contract "that confers a protected status, such as tenure

---

[2] In the Motion to Dismiss, Defendants state that Ayers raised First Amendment violations in her Amended Complaint. Mot., p.5, 7. Plaintiff Ayers has only alleged violations of Fifth and Fourteenth Amendments, not the First Amendment, under §1983 in Count IX of the Amended Complaint. Am. Compl., ¶ 100. While Plaintiff Ayers mentions a deprivation of her right to free speech in the Amended Complaint, she does state a cause of action or violation under the First Amendment. Id.

contract providing for permanent employment" and (2) "a contract explicitly providing that it may be terminated for cause."  Id.

Defendants, through their Motion to Dismiss, claim that Ayers has failed to demonstrate a property interest in her employment with the LVCHSA.  Defendants also claim that Ayers' contract with LVSCHA does not create a property right alone, and that Ayers would have to prove the contract only permitted termination for just cause, rather than for any reason.  Defendants contend that Ayers has not established a property interest in her employment and therefore, she cannot bring a claim under §1983.  In addition, Defendants aver that Ayers' contract expired at the end of the Spring 2014 semester.

In responding to Defendants' Motion to Dismiss, Ayers avers that she did have a property interest in her employment where she had a reasonable expectation of continued employment and where her contract contained language that Ayers was subject to termination for "good cause which is not arbitrary or capricious."  Ayers also contends that her contract did not expire in Spring 2014, but on June 30, 2014.  Based on the allegations and facts in the Complaint, the Court will deny Defendant's Motion to Dismiss with regards to this claim where Plaintiff has demonstrated the possibility of a legitimate entitlement of continued employment.

B.  **Claim for Punitive Damages**

To the extent that Plaintiffs seek punitive damages in their Complaint, Defendant seeks dismissal of the same by averring that LVCHSA is a public charter school and may be considered to be a municipal entity, and therefore cannot be liable for punitive damages.  See City of Newport v. Fact Concerts, Inc. 453 U.S. 247, 271 (1981).  Plaintiffs claim that that

LVCHSA is a private, non-profit entity, not a political subdivision or local agency and is therefore, capable of being liable for punitive damages.[3] Pl. Opp. Memo., p. 6-9.

At issue is whether punitive damages are available to Plaintiffs under §1983, where they are not available under Title VII, the PHRA, or the PA Whistleblower Act. See 42 U.S. §1981a(b)(1); Hoy v. Angelone, 720 A.2d 745 (Pa. 1998);[4] 43 Pa. Stat. Ann. §§ 1421 *et. seq*. Punitive damages are permitted in §1983 actions when the "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). However, punitive damages are not permitted against municipalities. City of Newport, 453 U.S. 247, 271; see also Irene B. v. Phila. Acad. Charter Sch., No. 02-1716, 2013 WL 24052009, * 50 (E.D. Pa. Jan. 29, 2003). For purposes of §1983, charter schools may be considered municipalities, and therefore, may not be held liable for punitive damages. See Pocono Mountain Charter Sch.v. Poconoc Mountain Sch. Dist., 908 F.Supp. 2d 597, 612 (M.D. Pa. 2012); see also Irene B. v. Phila Acad. Charter Sch., No. 02-1716, 2013 WL 24052009, * 50. Under the Charter School Law, a charter school is an "independent public school established and operated under a charter from the local board of school of directors" and "must be organized as a public, nonprofit corporation." 24 P.S. § 17-1703-A. Accordingly, Plaintiffs are not entitled to punitive damages against LVCHSA.

---

[3] Plaintiffs introduced as Supplemental Authority a finding by the National Labor Relations Board that a Pennsylvania virtual charter school was not a political subdivision where the school was created and run by a private group of individuals. Pennsylvania Virtual Charter School and PA Virtual Charter Education Association vs. PSEA/NEA, 2016 N. L. R. B. 624 (2016). The Court has reviewed and considered this case when making its decision in the instant action. Moreover, the Court notes Plaintiffs addressed LVCHSA as a public school when making the argument that LVCHSA is required to maintain the position of Director of Special Education because it was required to do so as a public school. See Am. Compl., ¶ 51, 66.

[4] Consistent with the holding of the United States Supreme Court in Newport, courts in the Third Circuit have held that public employers are immune from suit for punitive damages under Title VII. See Udijah v. City of Philadelphia, 513 F. Supp. 2d 350, 358 (E.D. Pa. 2007). Moreover, Plaintiffs are not entitled to seek punitive damages under PHRA. See Gagliardo v. Connaught Labs, Inc., 311 F.3d 565, 570 n.3 (3d Cir. 2002); Hoy v. Angelone, 720 A.2d 745, 751 (Pa. 1998) ("In the absence of express statutory language or any further legislative guidance, we hold that punitive damages are not available under the Act.")

**Conclusion**

Defendants' Motion to Dismiss is granted in part. Any claims for punitive damages pursuant to §1983, Title VII, the PHRA, and/or the Pennsylvania Whistleblower Act are dismissed. In all other respects, the motion to dismiss is denied. An Order follows.